UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM O'BRIEN, | CIVIL DIVISION |
| Plaintiff, | Case No. |
| v. | |
| AZROF PROPERTIES, INC., MVILLE ASSOCIATES, INC., MATTHEW BROCK HUNT, and BETH HARTZELL, | |
| Defendants. | |

## COMPLAINT AND JURY DEMAND

A.  *Preliminary statement*

1. The plaintiff William O'Brien brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* to recover unpaid overtime wages and other relief. Because of the violations described herein, this Court is also empowered to exercise pendant jurisdiction pursuant to the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. C.S § 333.01 *et seq.*  A jury trial is demanded.

B.  *Jurisdiction and venue*

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and under the doctrine of pendant jurisdiction. Venue is proper under 28 U.S.C. § 1391.

C.  *The parties*

3. The plaintiff William O'Brien is an adult individual who resides at 11 Oakmont Avenue, Duquesne, PA 15110 (Allegheny County).

4. The defendant Azrof Properties, Inc. ("Azrof") is an entity doing business in the Commonwealth of Pennsylvania, and, specifically, in this district.  This defendant maintains its business at 738 Washington Avenue, Pittsburgh, PA 15106 (Allegheny County).

5.     Azrof is a property management company that manages hotels in Western Pennsylvania and Ohio.

6.     The defendant Mville Associates, Inc. ("Mville") is an entity doing business in the Commonwealth of Pennsylvania, and, specifically, in this district.  This defendant maintains its business at 738 Washington Avenue, Pittsburgh, PA 15106 (Allegheny County).

7.     Mville is a company that owns and manages hotels in Western Pennsylvania.

8.     At all times material, Azrof and Mville are employers covered by the FLSA and the PMWA.

9.     The defendant Matthew Brock Hunt ("Hunt") is an adult individual who resides within this district.  Hunt is the Director of Operations for Azrof and also performs work in that same capacity for Mville.  Hunt exercises substantial control of the terms and conditions of the work of the employees of Azrof and Mville.  For example, he manages the work of the employees, and exercises direct control over the terms and conditions of the employees' employment, including determining the wages they are paid, the hours that they work (i.e., their schedules) and their job duties and responsibilities.  He also formulates, executes and maintains the policies and procedures for the business and its employees.  He also is responsible for the hiring, discipline and firing of employees.

10.    The defendant Beth Hartzell ("Hartzell") is an adult individual who resides within this district.  Hartzell is also the Director of Operations for Azrof and also performs work in that same capacity for Mville.  Hartzell exercises substantial control of the terms and conditions of the work of the employees of Azrof and Mville.  For example, she manages the work of the employees, and exercises direct control over the terms and conditions of the employees' employment, including determining the wages they are paid, the hours that they work (i.e., their

schedules) and their job duties and responsibilities. She also formulates, executes and maintains the policies and procedures for the business and its employees. She also is responsible for the hiring, discipline and firing of employees.

11. Azrof and Mville (collectively, the "Defendant Entities") have interrelated operations, common ownership and management, centralized control of labor relations, common ownership and financial controls and, therefore, the Defendant Entities are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of this action. Further, Hunt and Hartzell (the "Individual Defendants") are employed and/or provide work for both of the Defendant Entities and manage their employees. References to "the defendants" in this complaint refer to both the Defendant Entities and the Individual Defendants.

12. At all times relevant, the Defendant Entities acted by and through their agents, servants and employees, each of whom acted at all times relevant in the scope of their employment with and for the benefit of the Defendant Entities.

D. *Factual background*

13. Azrof hired the plaintiff as a maintenance engineer in January 2016. He worked for Azrof until November 2019 at which time he was switched over to Mville as an employee. He was not advised that he was now working for Mville; he drew this conclusion when he started getting pay checks issued by Mville instead of Azrof.

14. The plaintiff's duties as maintenance engineer include: performing repairs, including plumbing, electrical and painting based on work orders provided to him; performing preventive maintenance as needed; testing the emergency lights on a monthly basis and

maintaining the swimming pools at the various properties owned, managed and/or operated by the Defendant Entities.

15. The plaintiff is a non-exempt employee. He does not have any management responsibilities and does not manage a crew or perform any other management functions. He has no authority regarding the hiring, termination or evaluation of employees and does not perform supervisory functions. He does not make decisions for the Defendant Entities related to operating their businesses, such as entering into binding contracts, managing the affairs of the Defendant Entities or any fiscal matters. As detailed above, the plaintiff's job duties consist of routine manual labor.

16. When he was hired, the plaintiff's hourly wage was $13.50. He was paid time and a half for all hours worked in excess of 40 in any given week.

17. In the beginning of January 2017, Hartzell put the plaintiff on a "salary" of $39,000 per year – an effective hourly rate of $18.75. He was no longer paid for overtime work. Significantly, his job duties did not change; he was still a maintenance engineer and should have been treated as a non-exempt employee.

18. On December 9, 2018, the plaintiff received a "raise" and his "salary" was increased to $41,000 per year, an effective hourly rate of $19.71. He was not paid for overtime work and his job duties remained the same and should have been treated as a non-exempt employee.

19. In November 2019, upon being transferred from Azrof to Mville, the plaintiff was taken off of "salary" and Mville paid him and continues to pay on an hourly basis of $19.71 per hour. He is no longer required to work overtime hours.

20. While he was treated as a salaried employee, from January 2017 until November 2019, the plaintiff worked significant overtime for Azrof, regularly working 45 to 50 or more hours per week.

21. For the workweeks that the plaintiff worked overtime, he was not paid any additional wages beyond his "salary" and did not receive either straight time or overtime for those hours.

22. As a non-exempt employee, the plaintiff should have received overtime pay, calculated at the rate of $28.13 per hour for all hours worked in excess of 40 hours per week during the time period between January 2017 and December 8, 2018.

23. As a non-exempt employee, the plaintiff should have received overtime pay, calculated at the rate of $29.57 per hour for all hours worked in excess of 40 hours per week during the time period between December 9, 2018 and November 9, 2019.

24. The defendants willfully failed and refused to pay the plaintiff the required overtime compensation for hours worked in excess of 40 hours per workweek.

## **FIRST CAUSE OF ACTION**

25. The preceding paragraphs are incorporated herein by reference as if they were set forth at length.

26. At all times relevant, the defendants were, and continue to be, "employers" within the meaning of the FLSA.

27. At all times relevant, the plaintiff was, and continues to be, an "employee" within the meaning of the FLSA.

28.     The FLSA requires covered employers, such as the defendants, to compensate their "non-exempt" employees, such as the plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works in excess of 40 hours in a workweek.

29.     The plaintiff was and continues to be a non-exempt employee.

30.     The defendants knew that the plaintiff was a non-exempt employee within the meaning of the FLSA.  When he was initially hired by Azrof, he was paid on an hourly basis and received overtime until he was switched to a "salary" despite the fact that the plaintiff's job was not changed in any respect.  Further, in November 2019, the plaintiff was switched back to an hourly wage with no change in his duties or responsibilities.

31.     The defendants willfully failed and refused to pay the plaintiff 1.5 times his regular rate of pay for each hour that he worked over 40 each workweek.

32.     As a result of the defendants' willful failure to pay the plaintiff overtime compensation due him, the defendants violated the FLSA and caused the plaintiff to suffer damages in the form of unpaid overtime compensation.

33.     The Individual Defendants are personally liable under the FLSA because they were and are personally involved with the day-to-day operation of the Defendant Entities, including being responsible for the terms and conditions of employment for the plaintiff, including his compensation, scheduling and work duties.  The Individual Defendants were also responsible for instituting, maintaining, executing and perpetuating the unlawful payroll practices described above.

34.     The defendants knew that the plaintiff should have been treated and paid as a non-exempt employee, and, accordingly, they acted willfully, intentionally and in reckless disregard of the provisions of the FLSA.

**SECOND CAUSE OF ACTION**

35. At all times relevant, the defendants were, and continue to be, "employers" within the meaning of the PMWA.

36. At all times relevant, the plaintiff was, and continues to be, an "employee" within the meaning of the PMWA.

37. The PMWA requires covered employers, such as the defendants, to compensate their "non-exempt" employees, such as the plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works in excess of 40 hours in a workweek.

38. The plaintiff was and continues to be a non-exempt employee.

39. The defendants knew that the plaintiff was a non-exempt employee within the meaning of the PMWA. When he was initially hired by Azrof, he was paid on an hourly basis and received overtime until he was switched to a "salary" despite the fact that the plaintiff's job was not changed in any respect. Further, in November 2019, the plaintiff was switched back to an hourly wage with no change in his duties or responsibilities.

40. The defendants willfully failed and refused to pay the plaintiff 1.5 times his regular rate of pay for each hour that he worked over 40 each workweek.

41. As a result of the defendants' willful failure to pay the plaintiff overtime compensation due him, the defendants violated the PMWA and caused the plaintiff to suffer damages in the form of unpaid overtime compensation.

42. The Individual Defendants are personally liable under the PMWA because they were and are personally involved with the day-to-day operation of the Defendant Entities, including being responsible for the terms and conditions of employment for the plaintiff, including his compensation, scheduling and work duties. The Individual Defendants were also

responsible for instituting, maintaining, executing and perpetuating the unlawful payroll practices described above.

43. The defendants knew that the plaintiff should have been treated and paid as a non-exempt employee, and, accordingly, they acted willfully, intentionally and in reckless disregard of the provisions of the PMWA.

WHEREFORE, the plaintiff respectfully requests judgment be entered in his favor and against the defendants and that the defendants be required to provide all appropriate remedies under the FLSA and the PMWA, including unpaid wages over the past three years due to the intentional, knowing and reckless employment practices of the defendants, liquidated damages, interest, attorney's fees and costs and any other relief provided under the statutes and/or as the court deems appropriate, just and proper.

Respectfully submitted,

*/s/ Michael J. Bruzzese*
Michael J. Bruzzese
Pa. I.D. No. 63306
2315 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
(412) 281-8676
Counsel for the plaintiff

Dated:  February 24, 2020