## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") and the Release, which is attached and incorporated by reference as Exhibit A ("Release"), are made by and between William O'Brien ("Employee") and Azrof Properties, Inc., MVille Associates, Inc., Matthew Brock Hunt and Beth Hartzell ("Employer") (collectively, "the Parties").

The Parties have agreed upon the following terms, in full resolution of any actual or potential claims arising out of the Employee's employment with Employer, Fair Labor Standards Act, and Pennsylvania Minimum Wage Act including the claims asserted in the lawsuit titled *William O'Brien v. Azrof Properties, Inc. MVille Associates, Inc., Matthew Brock Hunt and Beth Hartzell*; Case No. 2:20-cv-00273-NBF ("the Lawsuit").

IN CONSIDERATION OF THIS ENTIRE SETTLEMENT AGREEMENT, THE PARTIES AGREE AS FOLLOWS:

1. **Consideration.** Employer shall, (1) after receipt of a fully executed Agreement and Release; (2) after expiration of all applicable rescission periods; and (3) provided Employee continues to comply with his obligations under this Agreement, provide Employee with Consideration in the gross amount of $20,000.00 to be allocated as follows:

    (a) Employer will provide the Employee's attorney with a payment in the gross amount of $9,480.00. Employer will report that amount as a distribution to the Employee, on an IRS Form 1099 to Employee with Box 3 (Other income) checked and on an IRS Form 1099 to Michael J. Bruzzese with Box 14 (Proceeds payable to an attorney) checked;

    (b) Employer will provide the Employee with a payment in the gross amount of $10,520.00, which shall be subjected to ordinary taxes and withholding, and which will be reported to Employee on an IRS Form W-2.

Employer will provide the foregoing amounts within ten (10) business days after the expiration of all rescission periods as provided in the attached Release (Exhibit A).

2. **Mutual Release of all Claims.** Employee agrees to fully execute the Release attached as Exhibit A, releasing any and all actual or potential claims, and any relief for those claims, which may have arisen at any time prior to Employee's execution of this Agreement. By entering into this Agreement, Employer releases the Employee from any and all claims, and any relief for those claims, against the Employee, which arose any time prior to Employer's execution of this Agreement. Employer's release is based upon Employee having performed his job duties at his employment in good faith and in representing that he has not retained, divulged, or used any trade secrets, confidential information, or other proprietary information of Employer. Both Employer and Employee understand that this mutual release means that if one or either of the parties later discovers facts different from or in addition to those facts currently known by the parties, or believed by the parties to be true, the waivers and releases of this Agreement will remain effective in all respects – despite such different or additional facts and any later discovery of such facts, even if one or either of the parties would not have agreed to this Agreement and this mutual release if such party had prior knowledge of such facts.

*WO*
EMPLOYEE INITIALS

3. **Indemnification.** The Employee agrees to indemnify, defend, and hold harmless Employer for any tax liability, fee, interest, or penalty arising or resulting from Employer's treatment and allocation of the Consideration described above.

4. **Dismissal of the Lawsuit.** After receipt of a fully executed Agreement and Release and the expiration of all applicable rescission periods, the Parties agree to execute the Stipulation for Dismissal with Prejudice attached as Exhibit B.

5. **Stipulation of No Charges.** The Employee affirmatively represents that, other than the Lawsuit, he has not filed nor caused to be filed any charges, claims, complaints, or actions against Employer before any federal, state, or local administrative agency, court, or other forum. Except as expressly provided in this Agreement or required by law, Employee acknowledges he has been paid all wages, bonuses, compensation, benefits and other amounts that are due, with the exception of any vested right under the terms of a written ERISA-qualified benefit plan. The Employee waives any right to any form of recovery or compensation from any legal action, excluding any action claiming this Agreement and Release violate the Age Discrimination in Employment Act ("ADEA") and/or the Older Workers Benefit Protection Act ("OWBPA"), filed or threatened to be filed by the Employee or on the Employee's behalf based on the Employee's employment, terms of employment, or separation from, Employer. This does not preclude the Employee from eligibility for unemployment benefits, and does not preclude or obstruct the Employee's right to file a Charge with the Equal Employment Opportunity Commission ("EEOC").

6. **Agreement Not to Seek Future Employment.** The Employee agrees that he will never knowingly seek nor accept employment or a consulting/independent contractor relationship with Employer and any and all properties managed by Azrof Properties, Inc., either directly or through a consulting firm, and that he will not provide or seek to provide services to Employer as an employee, consultant, or otherwise.

7. **Mutual Non-Disparagement.** The Parties mutually agree that they will not make disparaging or defamatory comments regarding one another, regardless of the forum. If a prospective employer of the Employee makes an inquiry of Employer regarding the Employee, Employer will only disclose the Employee's position and dates of employment. The Employee agrees that, unless it is in the context of an EEOC or other civil rights or other government enforcement agency investigation or proceeding, the Employee will make no critical, disparaging, or defamatory comments regarding Employer or any Released Party, as defined in the Release, in any respect or make any comments concerning the conduct or events which precipitated the Employee's separation. Furthermore, the Employee agrees not to assist or encourage in any way any individual or group of individuals to bring or pursue a lawsuit, charge, complaint, or grievance, or make any other demands against Employer or any Released Party. This provision does not prohibit the Employee from participating in an EEOC or other civil rights or other government enforcement agency charge, investigation or proceeding, or from providing testimony or documents pursuant to a lawful subpoena or as otherwise required by law.



EMPLOYEE INITIALS

8. **Confidentiality.** It is the intent of Employer and Employee that the terms of this Agreement be treated as Confidential. Employee warrants that he has not and agrees that he will not in the future disclose the terms of the Agreement, or the terms of the Consideration to be provided by Employer to Employee as part of this Agreement, to any person other than his attorney, tax advisor, spouse, or representatives of any state or federal regulatory agency, who shall be bound by the same prohibitions against disclosure as bind Employee, and Employee shall be responsible for advising those individuals or agencies of this confidentiality provision. Employee shall not provide or allow to be provided to any person this Agreement, or any copies thereof, nor shall Employee now or in the future disclose the terms of this Agreement to any person, with the sole exception of communications with Employee's spouse, attorney and tax advisor, unless otherwise ordered to do so by a court or agency of competent jurisdiction. Notwithstanding anything to the contrary, nothing in this Agreement shall prevent Employer's disclosure of confidential information or the terms hereunder to lawyers, accountants, auditors, insurers/reinsurers (if any), together with such insurers/reinsurers' third party service providers, actuaries, intermediaries, or regulators, provided the disclosure of the information is reasonably necessary to effectuate the terms of this Agreement, or is required for tax, financial reporting, or governmental compliance purposes, or to transact the business of insurance. Prior to disclosure, the recipients shall be informed of the confidential nature of the information.

9. **Invalidity.** In case any one or more of the provisions of this Agreement or Release shall be held invalid, illegal, or unenforceable in any respect, the validity, legality, and enforceability of the remaining provisions contained in this Agreement and Release will not in any way be affected or impaired thereby.

10. **Non-Admissions.** The Parties expressly deny any and all liability or wrongdoing and agree that nothing in this Agreement or the Release shall be deemed to represent any concession or admission of such liability or wrongdoing or any waiver of any defense.

11. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of Pennsylvania, without reference to its choice of law rules. Any action for breach of this Agreement shall be brought in Pennsylvania state or federal court.

12. **Voluntary and Knowing Action.** Employee acknowledges that he has had sufficient opportunity to review the terms of the Agreement and attached Release, and that he has voluntarily and knowingly entered into the Agreement. Employer shall not be obligated to provide any Consideration to Employee pursuant to the Agreement in the event Employee elects to rescind/revoke the Release. The Release becomes final and binding on the Parties upon expiration of the rescission/revocation period, provided Employee has not exercised his option to rescind/revoke the Release.

13. **Legal Counsel and Fees.** Except as otherwise provided in this Agreement and the Release, the Parties to this Agreement agree to bear their own costs and attorneys' fees, if any. Employee acknowledges that Employer, by this Agreement, has advised him that he may consult with an attorney of his choice prior to executing this Agreement and the Release.

[signature/initials]

3

EMPLOYEE INITIALS

Employee acknowledges that he has had the opportunity to be represented by legal counsel during the negotiation and execution of this Agreement and Release, and that he understands he will be fully bound by this Agreement and Release.

14. **Modification.** This Agreement may be modified or amended only by a writing signed by both of Employer and by the Employee.

15. **Successors and Assigns.** This Agreement is binding on and inures to the benefit of the Parties' respective successors and assigns.

16. **Notices.** Any notice, request or demand required or desired to be given hereunder shall be in writing and shall be addressed as follows:

If to Employer:	Dharmesh Surati
	P.O. Box 677
	Bridgeville, PA 15017

If to Employee:	Michael J. Bruzzese
	2315 Koppers Building
	436 Seventh Avenue
	Pittsburgh, PA 15219

17. **Waivers.** No failure or delay by either Employer or Employee in exercising any right or remedy under this Agreement will waive any provision of the Agreement.

18. **Miscellaneous.** This Agreement may be executed simultaneously in counterparts, each of which shall be an original, but all of which shall constitute but one and the same agreement.

19. **Entire Agreement.** Except for any continuing obligations under the Employee's Employee Agreement, under any confidentiality agreement, under company policy, or as otherwise provided in this Agreement, this Agreement and the attached Release are the entire Agreement between Employer and Employee relating to his separation of employment. Employee understands that the Agreement and Release cannot be changed unless it is done in writing and signed by both of Employer and by Employee.

WILLIAM O'BRIEN

11/20, 2020	/s/ William O'Brien

AZROF PROPERTIES, INC.

11/20, 2020	By: _____

W O
EMPLOYEE INITIALS

4

| | |
|---|---|
| 11/20 , 2020 | **MVILLE ASSOCIATIES, INC.**<br>By: _[signature]_ |
| 11/20 , 2020 | **MATTHEW BROCK HUNT**<br>By: _[signature] Mick Hunt_ |
| 11/20 , 2020 | **BETH HARTZELL**<br>By: _Beth Hartzell_ |

W. O
EMPLOYEE INITIALS

5

**EXHIBIT A**

**RELEASE**

1. **Definitions**. I, William O'Brien, intend all words used in this release ("Release") to have their plain meanings in ordinary English. Technical legal words are not needed to describe what I mean. Specific terms I use in this Release have the following meanings:

    A. "I," "Me," and "My" individually and collectively mean William O'Brien and anyone who has or obtains or asserts any legal rights or claims through Me or on My behalf.

    B. "Employer" as used in this Release, shall at all times mean Azrof Properties, Inc. and MVille Associates, Inc. and any of its respective affiliates, related or predecessor corporations, parent corporations or subsidiaries, successors and assigns, present or former officers, directors, shareholders, agents, employees, including Matthew Brock Hunt and Beth Hartzell, representatives and attorneys, whether in their individual or official capacities.

    C. "Released Party" or "Released Parties" as used in this Release, shall at all times mean Employer and any of its affiliates, related or predecessor corporations, subsidiaries, parent corporations or subsidiaries, successors and assigns, present or former officers, directors, shareholders, agents, employees, including Matthew Brock Hunt and Beth Hartzell, representatives and attorneys, whether in their individual or official capacities, benefit plans and plan administrators, and insurers, insurers' counsel, whether in their individual or official capacities, and the current and former trustees or administrators of any pension, 401(k), or other benefit plan applicable to the employees or former employees of Azrof Properties, Inc. and MVille Associates, Inc., in their official and individual capacities.

    D. "My Claims" mean any and all of the actual or potential claims, and relief for those claims, of any kind whatsoever I may have had, or currently may have against Employer or any Released Party, whether known or unknown, that are in any way related to My employment with Azrof Properties, Inc. and MVille Associates, Inc., including, but not limited to any claims for: invasion of privacy; breach of written or oral, express or implied, contract; fraud; misrepresentation; violation of the Fair Labor Standards Act, the and Pennsylvania Minimum Wage Act, Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 626, as amended; the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000, et seq.; the Older Workers Benefit Protection Act of 1990 ("OWBPA"), 29 U.S.C. § 626(f); Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., the Americans with Disabilities Act ("ADA"), 29 U.S.C. § 2101, et seq.; the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq.; Equal Pay Act ("EPA"), 29 U.S.C. §206(d); the Family and Medical Leave Act, 29 U.S.C. 2601, et seq.; National Labor Relations Act, 29 U.S.C. § 141, et seq.; the False Claims Act 31 U.S.C. §3729, et seq., Anti-Kickback Statute, 42 U.S.C. §1320a, et seq., the

*WO*
EMPLOYEE INITIALS

Pennsylvania Human Rights Act, 43 P.S. Labor § 951, et seq. the Pennsylvania Whistleblower Law, 43 P.S. Labor § 1421, et seq., and any and all other Pennsylvania state or local statute, law, rule, regulation, ordinance, or order, all as amended. This includes, but is not limited to, claims for tortious interference; declaratory judgment; violation of any civil rights laws based on protected class status; claims for assault, battery, defamation, intentional or negligent infliction of emotional distress; breach of the covenant of good faith and fair dealing; promissory estoppel; negligence; negligent hiring; retention or supervision; retaliation; constructive discharge; violation of whistleblower protection laws; unjust enrichment; violation of public policy; and, all other claims for unlawful employment practices, and all other common law or statutory claims. This also specifically includes the claims asserted in the Lawsuit.

II. **Agreement to Release My Claims.** Except as stated in Section V of this Release, I agree to release all My Claims and waive any rights to My Claims. I also agree to withdraw any and all of My charges and lawsuits against Employer, Matthew Brock Hunt and Beth Hartzell; *except that* I may, but am not required to, withdraw or dismiss, or attempt to withdraw or dismiss, any charges that I may have pending against the Employer with the Equal Employment Opportunity Commission ("EEOC") or other civil rights enforcement agency. In exchange for My agreement to release My Claims, I am receiving satisfactory Consideration from Employer to which I am not otherwise entitled by law, contract, or under any Employer policy. The Consideration I am receiving is a full and fair consideration for the release of all My Claims. Employer does not owe Me anything in addition to what I will be receiving according to the Agreement which I have signed.

III. **Unknown Claims.** In waiving and releasing any and all actual, potential, or threatened claims against Employer, Matthew Brock Hunt and Beth Hartzell, whether or not now known to me, I understand that this means that if I later discover facts different from or in addition to those facts currently known by me, or believed by me to be true, the waivers and releases of this Agreement and Release will remain effective in all respects – despite such different or additional facts and my later discovery of such facts, even if I would not have agreed to the Agreement and this Release if I had prior knowledge of such facts.

IV. **Confirmation Regarding Employee's Full Disclosure of Allegations, Facts and Claims.** By entering into this Release, I affirm that I am not aware of any facts, evidence, allegations, claims, liabilities, or demands relating to alleged or potential violations of law that may give rise to any claim or liability on the part of any Released Party under the Securities Exchange Act of 1934, the Sarbanes-Oxley Act of 2002, the Dodd-Frank Wall Street Reform and Consumer Protection Act, the False Claims Act, the Anti-kickback Statute or any other federal, state, local or international law, statute or regulation providing for protection and/or recovery to the Employer's employees, former employees or whistleblowers. I understand that nothing in this Agreement interferes with My right to file a complaint, charge or report with any law enforcement agency, with the SEC or other regulatory body, or to participate in any manner in an SEC or other governmental investigation or proceeding under any such law, statute or regulation, or to

WO
_____
EMPLOYEE INITIALS

require notification or prior approval by the Employer of any such a complaint, charge or report. I understand and agree, however, that I waive My right to recover any whistleblower award under the Securities Exchange Act of 1934, the Sarbanes-Oxley Act of 2002, the Dodd-Frank Wall Street Reform and Consumer Protection Act, or other individual relief in any administrative or legal action whether brought by the SEC or other governmental or law enforcement agency, Me, or any other party, unless and to the extent that such waiver is contrary to law. I agree that the Released Parties reserve any and all defenses which they might have against any such allegations or claims brought by Me or on My behalf. I understand that the Employer is relying on this disclosure.

V.  **Exclusions from Release.**

   A.  The term "Claims" does not include My rights, if any, to claim the following: unemployment insurance benefits; workers compensation benefits; claims for My vested post-termination benefits under any 401(k) or similar retirement benefit plan; My rights to group medical or group dental insurance coverage pursuant to section 4980B of the Internal Revenue Code of 1986, as amended ("COBRA"); My rights to enforce the terms of this Release; or My rights to assert claims that are based on events occurring after this Release becomes effective.

   B.  Nothing in this Release interferes with My right to file or maintain a charge with the EEOC or other local civil rights enforcement agency; or participate in any manner in an EEOC or other such agency investigation or proceeding. I, however, understand that I am waiving My right to recover individual relief including, but not limited to, back pay, front pay, reinstatement, attorneys' fees, and/or punitive damages, in any administrative or legal action whether brought by the EEOC or other civil rights enforcement agency, Me, or any other party.

   C.  Nothing in this Release interferes with My right to challenge the knowing and voluntary nature of this Release under the ADEA and/or OWBPA.

   D.  I agree that Employer reserves any and all defenses, which they have or might have against any claims brought by Me. This includes, but is not limited to, Employer's rights to seek available costs and attorneys' fees as allowed by law, and to have any monetary award granted to Me, if any, reduced by the amount of money that I received in consideration for this Release.

VI. **Older Workers Benefit Protection Act.** The Older Workers Benefit Protection Act ("OWBPA") applies to individuals age 40 and older and sets forth certain criteria for such individuals to waive their rights under the Age Discrimination in Employment Act ("ADEA") in connection with an exit incentive program or other employment termination program. I understand and have been advised that, if applicable, the above release of My Claims is subject to the terms of the OWBPA. The OWBPA provides that a covered individual cannot waive a right or claim under the ADEA unless the waiver is knowing and voluntary. If I am a covered individual, I acknowledge that I have been advised of this law, and I agree that I am signing this Release voluntarily, and with full

_WO_
EMPLOYEE INITIALS

knowledge of its consequences. I understand that Employer is giving Me twenty-one (21) days from the date I received a copy of this Release to decide whether I want to sign it. I acknowledge that I have been advised to use this time to consult with an attorney about the effect of this Release. If I sign this Release before the end of the twenty-one (21) day period it will be My personal, voluntary decision to do so, and will be done with full knowledge of My legal rights. I agree that material and/or immaterial changes to this Settlement Agreement or Release will not restart the running of this consideration period. I also acknowledge that the Settlement Agreement, Release and any other attachments or exhibits have each been written in a way that I understand.

VII. **Right to Rescind and/or Revoke.** I understand that insofar as this Release relates to My rights under the Age Discrimination in Employment Act ("ADEA"), it shall not become effective or enforceable until seven (7) days after I sign it. I also have the right to revoke this Release insofar as it extends to potential claims under the ADEA by written notice to Employer within seven (7) calendar days following My signing this Release. Any such revocation must be in writing to Employer, if sent by mail, postmarked within the applicable time period, sent by certified mail, return receipt requested, and addressed as follows:

A. post-marked within the applicable seven (7) day revocation period;

B. properly addressed to:

> Dharmesh Surati
> P.O. Box 677
> Bridgeville, PA 15017

and

C. sent by certified mail, return receipt requested.

I understand that the Consideration I am receiving for settling and releasing My Claims is contingent upon My agreement to be bound by the terms of this Release. Accordingly, if I decide to rescind or revoke this Release, I understand that I am not entitled to the Consideration described in the Settlement Agreement. I further understand that if I attempt to rescind or revoke My release of any claim, I must immediately return to Employer all Consideration I have received under My Agreement.

VIII. **I Understand the Terms of this Release.** I have had the opportunity to read this Release carefully and understand all its terms. I have had the opportunity to review this Release with My own attorney. In agreeing to sign this Release, I have not relied on any oral statements or explanations made by Employer, including their employees or attorneys. I understand and agree that this Release and the attached Agreement contain all the agreements between Employer, Matthew Brock Hunt, Beth Hartzell and Me. We have no other written or oral agreements.

_WD_
EMPLOYEE INITIALS

Ex. A-4

Dated: 11/20, 2020

_William_ _O'Brien_

_W O_
EMPLOYEE INITIALS

Ex. A-5